# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN W. DARRAH | Sitting Judge if Other than Assigned Judge | [signature] |
|---|---|---|---|
| CASE NUMBER | 10 C 5364 | DATE | 10-21-10 |
| CASE TITLE | United States ex rel. Eddie Harris (#B-79720) vs. Warden Guy Pierce | | |

**DOCKET ENTRY TEXT:**

The petitioner's request to hold this case in abeyance is granted. The case is stayed pending disposition of ongoing post-conviction proceedings in the state court system. The respondent need only enter an appearance at this time; no response to the petition is required until the stay is lifted. The petitioner's motion for appointment of counsel [#4] is denied as premature. On the court's own motion, Illinois Attorney General Lisa Madigan is dismissed as a party.

■ [For further details see text below.]                                    Docketing to mail notices.

## STATEMENT

Eddie Harris, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his murder conviction on the grounds that: (1) he should have been allowed to withdraw his guilty plea because it was not knowingly and intelligently made; (2) his defense counsel was ineffective in multiple respects; and (3) he is actually innocent of the underlying charge. The petitioner has submitted an amended habeas petition as directed. *See* Minute Order of September 2, 2010.

The petitioner concedes that he has not yet exhausted state court remedies as to all claims raised in his amended habeas petition; he therefore requests that this case be held in abeyance pending resolution of a post-conviction petition he has filed in state court and concerning which he is awaiting ruling. The petitioner presumably filed suit in federal court now in order to preserve his right to federal review of his conviction. The request is granted. This case is stayed pending disposition of the ongoing post-conviction proceedings. The petitioner is directed to file a status report by April 1, 2011, notifying the court as to the posture of the state court case.

The respondent need only enter an appearance at this time. The respondent will be directed to answer the amended petition or otherwise plead after the case stay has been lifted. This preliminary order does not, of course, preclude the State from making whatever waiver, exhaustion or timeliness arguments it may wish to present.

(CONTINUED)

mjm

The petitioner is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The petitioner must provide the court with the original plus a judge's copy (including a complete copy of any exhibits) of every document filed. In addition, the petitioner must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Attorney General's Office, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by the petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the petitioner.

The petitioner's motion for appointment of counsel is denied at this time as premature. Counsel must be appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if interests of justice so require. *See* Rule 8(c), Rules Governing Section 2254 Cases. Whether the interests of justice require appointment of counsel in this case cannot be determined until after the court has had an opportunity to review and consider the respondent's answer to the amended petition.

Finally, on the court's own motion, Illinois Attorney General Lisa Madigan is dismissed as a party. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996) (a state's attorney general is a proper party in a habeas petition only if the petitioner is not then confined); *see also* Rules 2(a) and (b) of Rules Governing Section 2254 Cases. In this case, the petitioner is not challenging a future sentence, but rather his present confinement. Therefore, Illinois' Attorney General is not a proper party.